USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   12/11/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

DAILY NEWS CHARITIES, INC.,                    :

               Plaintiff,                    :           No: 17-cv-08733 (VEC)

        - against -                    :

USA BOXING, METROPOLITAN                    :                    **ORDER TO**
ASSOCIATION,                                                   **SHOW CAUSE**

            Defendant.                    :

                                    :

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

Upon the Declarations of Brian Adams and Marci E. Sweren in Support of Plaintiff

Daily News Charities, Inc.'s ("DNC" or "Plaintiff") Motion for a Temporary Restraining Order and

Preliminary Injunction, dated December 8, 2017, Plaintiff's Memorandum of Law in Support of its

Motion for a Temporary Restraining Order and a Preliminary Injunction, and upon a copy of the

Complaint attached hereto, it is hereby

ORDERED that the above-named Defendant show before a motion term of this Court, at Room 443,

United States Courthouse, 40 Foley Square, New York, New York, on _____, 2017, at ___ o'clock

in the AM thereof, or as soon thereafter as counsel may be heard, why an order should not be issued

pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendant, together with its

officers, agents, servants and employees and those persons acting in concert with them during the

pendency of this action from directly or indirectly:

      1.     Using the GOLDEN GLOVES mark or any confusingly similar mark in

connection with an amateur boxing event in the New York City metropolitan area, including

1

2858526_2

but not limited to in any way suggesting a relationship with, sponsorship or endorsement by Plaintiff;

2. Passing off or otherwise representing to the public that any amateur boxing event in the New York City metropolitan area produced by Defendant without involvement of Plaintiff is in any way sponsored by, created by, endorsed by, emanates from, or is affiliated with Plaintiff or GOLDEN GLOVES; and

3. Awarding any prize in connection with an amateur boxing tournament consisting of or depicting gold or golden boxing gloves, or using a depiction of gold or golden boxing gloves in any advertising or promotion, except with the express consent and/or participation of Plaintiff; or

4. Using or authorizing the use of the GOLDEN GLOVES name or mark in connection with any amateur boxing-related activity (including, but not limited to, a Hall of Fame and/or fundraising) in the New York City metropolitan area or representing that it has the right to do so.

~~IT IS FURTHER ORDERED that, based upon the Complaint, the Declarations of Brian Adams and Marci E. Sweren, and Plaintiff's Memorandum of Law in Support of its Motion for a Temporary Restraining Order and a Preliminary Injunction, and having determined that Plaintiff is suffering, and will likely continue to suffer immediate and irreparable injury as a result of Defendant's unauthorized use of the GOLDEN GLOVES mark, pending the hearing of Plaintiff's motion for a preliminary injunction, but in no event beyond 14 days from the entry of this order, unless extended by the Court, Defendant is temporarily restrained and enjoined pursuant to Rule 65 of the Federal Rules of Civil Procedure from:~~

2

~~1.      Using the GOLDEN GLOVES mark or any confusingly similar mark in connection with an amateur boxing event in the NYC metropolitan area, including but not limited to in any way suggesting a relationship with, sponsorship or endorsement by Plaintiff;~~

~~2.      Passing off or otherwise representing to the public that any amateur boxing event in the New York City produced by Defendant without involvement of Plaintiff is in any way sponsored by, created by, endorsed by, emanates from or is affiliated with Plaintiff or GOLDEN GLOVES;~~

~~3.      Awarding any prize in connection with an amateur boxing tournament consisting of or depicting gold or golden boxing gloves, or using a depiction of gold or golden boxing gloves in any advertising or promotion, except with the express consent and/or participation of Plaintiff; or~~

~~4.      Using or authorizing the use of the GOLDEN GLOVES name or mark in connection with any amateur boxing-related activity (including, but not limited to, a Hall of Fame and/or fundraising) in the New York City metropolitan area or representing that it has the right to do so.~~

~~IT IS FURTHER ORDERED that security in the amount of $_____ be posted by Plaintiffs.~~

IT IS FURTHER ORDERED that personal service of a copy of this order and the annexed supporting papers upon Defendant or their counsel on or before ~~5:00 o'clock in _____, 2017~~ 5:00 p.m. on December 12, 2017 shall be deemed good and sufficient service thereof.

IT IS FURTHER ORDERED that opposing papers, if any, shall be served upon Mark Lerner, Esq., Satterlee Stephens, LLP, 230 Park Avenue, Suite 1130, New York, New York 10169, attorney for the Plaintiff, received in his office on or before ~~on or before _____, _____ at~~ 5:00 p.m. on December 14, 2017

2858526_2

IT IS FURTHER ORDERED that reply papers, if any, shall be served by 5:00 p.m. on December 15, 2017.

a.m./p.m.

Dated: December 11, 2017
      New York, New York

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

4