USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   1/26/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
DAILY NEWS CHARITIES, INC.,                          :
                                                     :
                              Plaintiff,             :
                                                     :          17-CV-8733 (VEC)
                 -against-                           :
                                                     :          PRELIMINARY INJUNCTION
USA BOXING, METROPOLITAN                             :
ASSOCIATION,                                         :
                                                     :
                              Defendant.             :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 20, 2017, the Court entered a temporary restraining order (the "TRO") prohibiting Defendant from, *inter alia*, "using the GOLDEN GLOVES mark or any confusingly similar mark in connection with an amateur boxing event in the NYC metropolitan area," Dkt. 25, *as amended* Dkt. 34;

WHEREAS plaintiff Daily News Charities, Inc. ("DNC") has moved for a preliminary injunction; and

WHEREAS on January 26, 2018, the Court held a hearing to consider DNC's motion for a preliminary injunction;

IT IS HEREBY ORDERED that DNC's motion for preliminary injunction is GRANTED.

The parties did not present additional evidence at the January 26, 2018 hearing and Metro has conceded the validity of DNC's mark and that there is a likelihood of confusion for the purpose of the motion for preliminary injunction.[1]  Accordingly, the Court finds that the record is

---

[1] Metro has reserved its right to dispute DNC's claim to the GOLDEN GLOVES mark and the likelihood of confusion at a later stage of these proceedings, including in connection with summary judgment or trial.

materially unchanged from the record presented in connection with the TRO and the Court adopts the findings contained in the TRO in full.

For the reasons stated in the TRO, the Court finds that DNC has shown a likelihood of success on the merits, a likelihood of irreparable harm absent injunctive relief, that the balance of equities is in DNC's favor, and that an injunction is in the public interest. *See ACLU v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015). DNC has demonstrated that it has continuously used the GOLDEN GLOVES mark in the New York City metropolitan area since the 1920s.[2] *See* TRO at 3. Although Metro suggests that another organization has also used the GOLDEN GLOVES mark since 1920 – possibly predating DNC's use – Metro has not argued that this use was within DNC's territory in the New York metropolitan area or that the mark was registered prior to DNC's first use. Because Metro seeks to use a substantially identical mark to market a substantially identical product to the same set of consumers, the Court finds there is a high likelihood of confusion. TRO at 6-7. The Court also finds that the balance of equities favors DNC. DNC has invested substantial time and money in developing the GOLDEN GLOVES brand whereas Metro's use of the mark (without DNC's approval) is relatively recent. Moreover, Metro may continue to operate an amateur boxing tournament serving the same participants under a different name.[3]

IT IS HEREBY ORDERED that defendant USA Boxing, Metropolitan Association ("Metro") is preliminarily enjoined pursuant to Rule 65 of the Federal Rules of Civil Procedure from:

---

[2] Metro has suggested that it was involved in the inception of the GOLDEN GLOVES mark, in partnership with DNC, and holds an interest in the mark. *See* Aff. of Johnnie Woluewich (Dkt. 35) ¶¶ 8-9. Metro has produced no evidence to substantiate this claim.

[3] The record before the Court is that Metro has been successful in registering boxers for its upcoming tournament, notwithstanding the fact that it cannot use the GOLDEN GLOVES mark.

1. Using the GOLDEN GLOVES mark or any confusingly similar mark in connection with an amateur boxing event in the New York City metropolitan area, including but not limited to in any way suggesting a relationship with, sponsorship or endorsement by DNC;

2. Passing off or otherwise representing to the public that any amateur boxing event in New York City produced by Metro without involvement of DNC is in any way sponsored by, created by, endorsed by, emanates from, or is affiliated with DNC or GOLDEN GLOVES, except as provide in paragraph 3 below;

3. Using GOLDEN GLOVES or the terms "Gloves" or "the Gloves" in connection with an amateur boxing event to be held by Metro in New York City to qualify participants for a national amateur boxing competition known as the "Golden Gloves" and operated by Golden Gloves of America, Inc., except that Metro may inform potential participants in the qualifying tournament that it intends to host (a) that winners of the tournament will be eligible to compete in the national "Golden Gloves" tournament operated by Golden Gloves of America, Inc. and (b) that its tournament is not affiliated with the *Daily News*, Daily News Charities, Inc., or the New York Daily News Golden Gloves boxing tournament.  For the avoidance of doubt, such notification may be included on, *inter alia*, posters, brochures, advertisement, or on Metro's website when discussing the qualifying tournament that is being hosted by Metro;

4. Awarding any prize in connection with an amateur boxing tournament consisting of a medallion with one or two gold-colored boxing gloves affixed.

5. Using a depiction of gold or golden boxing gloves in any advertising or promotion, except with the express consent or participation of DNC; and

6. Using or authorizing the use of the GOLDEN GLOVES name or mark in connection with any amateur boxing-related activity (including, but not limited to, a Hall of Fame or fundraising) in the New York City metropolitan area or representing that it has the right to do so, except as provided in paragraph 3 above.

**SO ORDERED.**

Date: **January 26, 2018**  
**New York, New York**

_____  
**VALERIE CAPRONI**  
**United States District Judge**